```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND


YVONNE ROJAS-ROBERTS           *
                               *
v.                             *
                               *   Civil Action No. WMN-15-01074
OCWEN LOAN SERVICING, LLC      *
                               *
                               *
     *    *    *    *    *    *    *    *    *    *    *    *    *    *    *
```

**MEMORANDUM**

Before the Court is Plaintiff Yvonne Rojas-Roberts' Motion to Remand to state court, ECF No. 11, and Defendant Ocwen Loan Servicing, LLC's Motion to Dismiss. ECF No. 10. The motions are ripe. Upon a review of the pleadings and the applicable case law, the Court determines that no hearing is necessary, Local Rule 105.6, and that Plaintiff's motion to remand will be denied and Defendant's motion to dismiss will be granted.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

This case arises from a dispute between Plaintiff, a borrower who executed a promissory note ("Note") to obtain the $254,000.00 purchase price of a home, and Defendant, the current servicer of that Note. Plaintiff executed the Note on May 12, 2004, but subsequently fell behind on repayment of the note. On August 13, 2012, Defendant sent a letter stating that it

participates in the Home Affordable Modification Program (HAMP),[1] among other mortgage assistance programs; that Plaintiff could apply to "find out what assistance you qualify for;" and that once she submitted her application, it would "conduct a <u>thorough review</u> of your financial situation, and first verify for [sic] your eligibility for the HAMP program." ECF No. 17-3 at 2. If Plaintiff did not qualify for HAMP, Defendant would "work to match your situation to our own mortgage modification and assistance programs." <u>Id.</u>

On September 2, 2012, Plaintiff applied for the loan modification, including with her application a home appraisal procured at a cost of $75.00. Plaintiff included in her application that she had a gross monthly income of $2,680.11. Defendant denied Plaintiff's application by correspondence on September 19, 2012. The letter stated the modification was unavailable because "we are unable to create a monthly payment that is between 25% and 42% of your monthly gross income." ECF No. 17-6 at 2. Plaintiff subsequently paid a private forensic mortgage auditor $750.00 to determine why Defendant had denied her application. The mortgage auditor concluded that Defendant could, in fact, have created a monthly payment of $842.53 that was between 25% and 42% of Plaintiff's monthly gross income.

---

[1] HAMP is a program overseen by the U.S. Treasury pursuant to the Emergency Economic Stabilization Act, 12 U.S.C. § 5201 <u>et seq.</u>

From this mortgage audit, Plaintiff concluded that Defendant must have lied in its September 19 rejection letter and never processed her application.  On February 13, 2015, Plaintiff filed suit in the Circuit Court for Anne Arundel County, Maryland, alleging (1) that Defendant promised to process her application under HAMP and that Plaintiff relied on that promise to her detriment (Count I – Detrimental Reliance); (2) that this promise constituted an unfair or deceptive trade practice in violation of Maryland law (Count II – Violations of the Maryland Consumer Protection Act); and (3) that Defendant violated its duty to Plaintiff arising from "the intimate nexus created by the contractual relationship, Plaintiff's vulnerability to harm and dependence . . . and the foreseeable risk of physical injury" (Count III – Negligence).  ECF No. 2 ¶ 43.  Defendant timely removed the action to this Court on April 14, 2015.

## II. PLAINTIFF'S MOTION TO REMAND

A defendant may remove an action brought in state court to a United States district court if the district court would have had original jurisdiction over the matter.  28 U.S.C. § 1441(a).  The district court must be located in the same district and division as the pending action.  Id.  A district court may have original jurisdiction based on diversity of citizenship if all plaintiffs and defendants are citizens of different states, and the amount

in controversy exceeds $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332 (a)(1).

Generally, the amount alleged in the complaint is the amount in controversy. Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961). Because a plaintiff may recover only once for her injuries, "multiple counts based upon the same facts or circumstances but asserting different legal theories upon which the plaintiff may recover the same damages, constitute one claim." Kelly v. Bank of Am., N.A., Civ. No. CCB-12-2850, 2013 WL 3168018, at *3 (D. Md. June 18, 2013). Therefore, a defendant may not aggregate the amounts alleged in each count to reach the required amount in controversy if the plaintiff's claims stem from the same set of facts or circumstances. Id. Since, however, a plaintiff may be allowed to aggregate her own claims in order to reach the required amount in controversy, Shanaghan v. Cahill, 58 F.3d 106, 109 (4th Cir. 1995), some jurisdictions have held that a defendant may aggregate separate *ad damnum* amounts in order to reach the minimum requirement, McClendon v. Liberty Nat. Life Ins. Co., No. 3:11-CV-1018-WKW, 2013 WL 5913850, at *3 (M.D. Ala. Nov. 4, 2013). If the complaint does not state an amount in controversy, the defendant may allege the damages he or she would incur. Id. The defendant must prove the recoverable amount exceeds the minimum requirement by a

preponderance of the evidence in order for removal to be proper. Id.

Defendant's notice of removal contends that the amount in controversy exceeds the requirement amount because "Plaintiff seeks at least a total of $225,000.00 in damages, as Counts I-III all seek $75,000.00 in damages . . . ."[2] ECF No. 1 ¶ 14. It further contends that the damages it would incur if forced to modify the loan through injunctive relief (Count IV) would likely equal at least the original balance of the loan ($254,000.00). In response, Plaintiff's motion to remand states that the amount in controversy has not been met because "[t]he complaint seeks $75,000.00 in damages, and does not seek more than one penny more than $75,000.00.  This amount includes counsel fees . . . ." ECF No. 11 ¶ 3.

Defendant's first argument that the amount in controversy has been met is based on the premise that the *ad damnum* clauses in each of Plaintiff's first three counts may be aggregated. Defendant's second argument is based on the premise that, because Plaintiff's count of injunctive relief does not state an amount in controversy, it may claim the total damages it would incur. As noted above, Defendant claims it would lose the value of the

---

[2] Neither party contests there is complete diversity of citizenship, as required by 28 U.S.C. § 1332 (a)(1).

5

original loan if forced to offer a loan modification, and asserts $254,000.00 in damages.

In her reply, Plaintiff addresses only Defendant's second argument.  She contends that issuing injunctive relief in the form of a loan modification would not necessarily cause Defendant any damages and that, even if it did, Defendant has not proved these damages by a preponderance of the evidence.  Plaintiff is correct that Defendant has not sufficiently proven it would incur damages, with an equivalent monetary value, if an injunction were issued.  Defendant's claims that modifying the loan would necessarily impact the total amount due, or might force Defendant to repurchase the loan are speculative and Defendant provides no evidence to support these assertions.

Plaintiff, is incorrect, however, that counsel fees may not be included in the amount in controversy for all her claims. Attorney's fees, as opposed to interests and costs, may be included in determining the jurisdictional amount in controversy. Attorney's fees may be included if (1) such fees are provided for in a contract, or (2) a statute requires or allows payment of attorney's fees.  <u>Francis v. Allstate Ins. Co.</u>, 709 F.3d 362, 368 (4th Cir. 2013).  The second exception applies to Plaintiff's Count II under the MCPA.  <u>See</u> Md. Code Ann., Com. Law § 13-408(b) ("Any person who brings an action to recover for injury or loss under this section and who is awarded damages may also seek . . .

6

reasonable attorney's fees."). Plaintiff may not, however, include attorney's fees in the amount in controversy for Counts I or III. This results in damages less than $75,000.00 for Counts I and III.

This consequence is ultimately insignificant, however, because the Court finds that Count III of Plaintiff's Complaint is premised on a distinct set of facts or circumstances than Count I or Count II. Counts I and II are based on the facts and circumstances surrounding the "false promise" of the August 13 letter. Count III is premised on Defendant's failure to take due care in managing the contractual relationship that existed between Plaintiff and Defendant. Plaintiff specifically alleges that a duty was owed due to the "contractual relationship, Plaintiff's vulnerability to harm and dependency on Defendant, and the foreseeable risk of physical injury." ECF No. 2 ¶ 43. The breach alleged is Defendant's failure to give her a HAMP-modified loan. Sustaining this allegation would require an inquiry into facts and circumstances distinct from the issue of what Defendant promised in the August 13 letter. Accordingly, although Counts I and II cannot be aggregated because they constitute alternating theories of liability from the same set of circumstances, Count III's $75,000.00 may be added to the $75,000.00 of Counts I and II to produce an amount in controversy of $150,000.00. As the amount of controversy is over $75,000.00

7

and the two parties have conceded diversity of citizenship, Plaintiff's motion to remand is denied.

### III. DEFENDANT'S MOTION TO DISMISS

   **A. Legal Standard**

Defendant's motion is governed by Fed. R. Civ. P. 12(b)(6). In evaluating a motion to dismiss filed pursuant to Rule 12(b)(6), the Court must accept as true all well-pled allegations of the complaint and construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. See Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). To survive dismissal, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). A court need not accept a plaintiff's legal conclusions as true, as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-

specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

**B. Discussion**

Defendant argues that HAMP does not provide a private right of action and Plaintiff accordingly does not have standing in this Court.  Defendant is correct that there is no private right of action under HAMP.  See, e.g., Allen v. CitiMortgage, Civ. No. CCB-10-2740, 2011 WL 3425665, at *4 (D. Md. Aug. 4, 2011).  This does not mean, however, that Defendant is "wholly immunized for [its] conduct so long as the subject of the transaction is associated with HAMP."  Vida v. OneWest Bank, FSB, Civ. No. 10-987-AC, 2010 WL 5148473, at *5 (D. Or. Dec. 13, 2010).  State law claims may be proper vehicles for bringing claims associated with HAMP.  See Allen, 2011 WL 3425665, at *5.  Accordingly, the Court will analyze each of Plaintiff's claims, which are brought under state law.  See Legore v. OneWest Bank, FSB, 898 F. Supp. 2d 912, 917-18 (D. Md. Oct. 15, 2012).

**1. Count I: Detrimental Reliance**

In Maryland, the doctrine of promissory estoppel – or detrimental reliance – is used as a "device for contractual recovery, when an element of a traditional bilateral contract is lacking." Whiting-Turner Contracting Co. v. Liberty Mut. Ins. Co., 912 F. Supp. 2d 321 (D. Md. 2012) (citations omitted).  To state a claim for detrimental reliance, Plaintiff must allege:

9

(1) that a clear and definite promise was made; (2) that the promisor reasonably expected his or her promise would induce action or forbearance by the promise; (3) that the promise induced actual and reasonable action or forbearance by the promise; and (4) a resulting detriment which can only be avoided by the enforcement of the promise.  Pavel Enters. v. A.S. Johnson Co., 342 Md. 143, 158-60 (Md. 1996); Konover Prop. Trust, Inc. v. WHE Assocs., 142 Md. App. 476, 484 (Md. Ct. Spec. App. 2002). Plaintiff alleges that the promise was "to process Plaintiff's application for a loan modification under HAMP."  ECF No. 2 ¶ 23.

In order to grant relief, however, Plaintiff must allege that Defendant did not follow through with the obligation in its alleged promise.  Here, Defendant, appears to have fulfilled its promise to process Plaintiff's application, in that it sent to Plaintiff a letter stating "[b]ased on our review of the documentation you provided, you are not eligible for a Home Affordable Modification."  ECF No. 17-6 at 2.  Plaintiff does not directly allege any facts to support a conclusion that Defendant did not process the application.  Instead, Plaintiff attaches to her complaint the third-party mortgage audit that allegedly states Plaintiff is eligible for a modified mortgage payment of $842.53 under the HAMP program.  A third party evaluation of Plaintiff's application to the HAMP program, however, is an insufficient factual foundation upon which to sufficiently allege

10

that Defendant did not fulfill its promise. First, the report contains no direct conclusion that Defendant did not process Plaintiff's HAMP application. Second, the report itself includes a disclaimer that "[t]he findings generated by this report are not evidence of . . . a guarantee of participation in any federal . . . mortgage loan modification program." ECF No. 17-7 at 5. And finally, and most significantly, to evaluate the sufficiency of the audit and compare it to Defendant's conduct would require an engagement with HAMP standards tantamount to an impermissible private right of action under HAMP. The remainder of Plaintiff's complaint amounts to conclusory statements and recitations that Defendant must not have followed through with its promise to process her application. Plaintiff has not sufficiently alleged that Defendant made an unfulfilled promise through which the Court may grant relief.

 2. **Count II: Violation of the Maryland Consumer Protection Act**

The Maryland Consumer Protection Act (MCPA), Md. Code Ann., Com. Law § 13-301 et seq., prohibits the commission of unfair or deceptive trade practices, which include making a "false . . . or misleading oral or written statement . . . or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers." Id. § 13-301(1). To bring an action under the MCPA, Plaintiff must allege "(1) an unfair or deceptive practice or misrepresentation that (2) is

relied upon, and (3) causes her actual injury." Stewart v. Bierman, 859 F. Supp. 2d 754, 768 (D. Md. 2012).  Because an MCPA claim sounds in fraud, Plaintiff's allegations must be analyzed under the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure.  Rule 9(b) requires a plaintiff, in the complaint, to "state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  "These 'circumstances' include 'the time, place, and contents of . . . false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'"  Allen, 2011 WL 3425665, at *9 (quoting Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999)).

In Allen, the court found that the heightened Rule 9(b) pleading had been met because "plaintiffs have pled the dates and contents of numerous contradictory letters sent by [defendant]" which "when taken in combination allege . . . that [defendant] sent false or misleading statements."  2011 WL 3425665, at *9. Plaintiff here has pled that the contents of Defendant's August 13th and September 19th correspondences were unfair and deceptive.  On their face, though, each letter is not deceptive, and when taken together, the letters reflect a consistent course of action.  Defendant said it would process her application and then notified Plaintiff that, upon doing so, it came to the

12

conclusion that a HAMP modification was unavailable. Plaintiff's only proffered allegation that these statements were fraudulent or misleading is that the private mortgage auditor concluded that a HAMP modification was available. The fact that an independent party used, ostensibly, the same procedure as Defendant and arrived at a different conclusion regarding Plaintiff's HAMP eligibility supports a speculation of fraud or misrepresentation, at best. Such speculation is insufficient to sustain a pleading under Rule 9(b).

Further, even if the Court were to find such speculation sufficient, Plaintiff fails to adequately plead what Defendant obtained by making the allegedly false statement. Plaintiff alleges that, since a HAMP modification cancels late fees that accrue to a loan servicer, a "successful loan modification under HAMP is never in a servicer's financial interest" and Defendant "therefore, had a financial motive to deny the application . . . in order to pursue revenue from foreclosure." ECF No. 2 ¶¶ 15.3-15.4. This allegation is speculative, as it pins onto Defendant an apparent motive that is not demonstrated through underlying facts. It is also inconsistent with Defendant's expressed willingness to assign an employee to help Defendant avoid foreclosure through alternative means. See ECF No. 17-6 at 2.[3]

---

[3] To the extent that Plaintiff's MCPA claim could be construed to extend to Defendant's August 13 letter inviting Plaintiff to

13

Plaintiff has conceded her count of negligence (Count III). ECF No. 12-1 at 2. Thus, only her claim for injunctive relief requiring Defendant to offer a loan modification and preventing foreclosure (Count IV) remains. Injunctive relief is a form of remedy for independent causes of action, not a cause of action unto itself. Fare Deals Ltd. v. World Choice Travel.Com, Inc., 180 F. Supp. 2d 678, 682 n.1 (D. Md. 2001). Because Counts I-III will be dismissed, there is no remaining cause of action to which to apply injunctive relief. Therefore, Count IV will also be dismissed.

## IV. CONCLUSION

For the above-stated reasons, the Court will deny Plaintiff's Motion to Remand and grant Defendant's Motion to Dismiss. Accordingly, this action is dismissed in its entirety. A separate order will issue.

_____/s/_____
William M. Nickerson
Senior United States District Judge

DATED: August 25, 2015

---

apply for a HAMP modification, the Court finds that such claim is simply an effort to enforce HAMP guidelines. To allow Plaintiff "to recover on this basis would effectively create a private right of action, which Congress has declined to do." Legore, 898 F. Supp. 2d at 920.